UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-21221-CIV-ALTONAGA/SIMONTON

CONSENT CASE

ALIET PASCUAL, AIDE TOMASA
FERNANDEZ PEREZ, and all others
similarly situated,

    Plaintiffs,

v.

FAMILY BOARDING HOME, INC.,
A/K/A ARCADIA MANOR SO, PINES
ALF, CORNER HOUSE and
LEONOR GONZALEZ,

    Defendants.
_____/

ORDER ON PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT & DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

    This cause is before the Court upon Plaintiffs' Motion for Partial Summary Judgment (DE # 32) and the Defendants' Motion for Summary Judgment (DE # 34).  Both Parties have responded in opposition to the Motions (DE ## 38, 39), but neither has filed a reply.  The Parties have consented to full disposition by the undersigned Magistrate Judge (DE # 23). The District Court Judge has entered an order referring this matter to the undersigned in accordance with the Parties' consent (DE # 24).

    After careful consideration of the Parties' memoranda, the relevant case law, and the record as a whole, the Court hereby GRANTS, in part, and DENIES, in part, the Plaintiffs' Motion for Partial Summary Judgment against Defendants.  In addition, the Court DENIES the Defendants' Motion for Summary Judgment against the Plaintiffs because issues of material fact remain in dispute regarding whether the Defendants failed to properly compensate the Plaintiffs for overtime hours worked.

I.      BACKGROUND

This matter was initiated when Plaintiffs, Aliet Pascual ("Pascual") and Aide Tomasa Fernandez Perez ("Fernandez") filed this action against Defendants Family Boarding Home, Inc., a/k/a Arcadia Manor So, Pines ALF Corner House ("Family Boarding") and Leonor Gonzalez ("Gonzalez") seeking to recover money damages for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA") (DE # 1).  According to the Plaintiffs' Statement of Claim, Plaintiff Pascual sought unpaid overtime wages in the amount of $7,602.00 and Plaintiff Perez sought unpaid overtime wages in the amount of $10,896.20 (DE # 5).  Both Plaintiffs sought liquidated damages in amounts equal to the amount of unpaid overtime wages, as well as, interest, attorney's fees and court costs (DE # 1 at 4).

Defendants Family Boarding and Gonzalez filed an Answer and Affirmative Defenses generally denying that the Plaintiffs were not paid for the overtime hours that they worked (DE # 6).  In addition, the Defendants filed a Response to the Plaintiffs' Statement of Claim wherein the Defendants contended that both Plaintiffs were paid time and a half for all hours that they worked in excess of forty hours a week, and that at the end of each pay period the Plaintiffs were required to sign a time sheet certifying that the time reflected on the sheet was correct (DE # 7).  The Defendants therefore contend that the Plaintiffs are not owed any overtime pay.

After the Defendants filed their Answer and Response to the Plaintiffs' Statement of Claim, Plaintiffs filed a Notice of Filing Opt-In Notice for Silvia Fernandez (DE # 19).

II.     THE POSITIONS OF THE PARTIES

A.      The Plaintiffs' Motion for Partial Summary Judgment

The Plaintiffs filed their Motion for Partial Summary Judgment asserting that the

Court should enter summary judgment on behalf of the Plaintiffs finding that: 1) FLSA coverage exists in this action; 2) individual Defendant Leonor Gonzalez was the Plaintiffs' employer for purposes of FLSA liability; and, 3) liability for FLSA overtime violations has been established in the record and that the matter should therefore only proceed to trial on the issue of damages. (DE # 32 at 1-2).  For support of their Motion, the Plaintiffs have filed a Statement of Material Facts wherein they state, *inter alia*, that Defense Counsel has stipulated that coverage under the FLSA exists in this matter, that Defense Counsel has also stipulated that Defendant Leonor Gonzalez was the Plaintiff's employer, and that Defendant Gonzalez admitted in her deposition that some overtime damages are owed to the Plaintiffs due to a "recording error" and "mathematical errors." (DE # 33).  In addition, the Plaintiffs have submitted the deposition transcript of Leonor Gonzalez to support their contention that Ms. Gonzalez admitted that the Plaintiffs were owed "some" overtime from the Defendants (DE # 33-1).

In response, the Defendants admit that the Court has subject matter over this action and that Defendant Family Boarding is a covered enterprise subject to the requirements of the FLSA (DE # 38 at 3).  In addition, the Defendants admit that Defendant Leonor Gonzalez in considered the Plaintiffs' employer of purposes of individual liability pursuant to the FLSA (DE # 38 at 3).  However, the Defendants dispute the Plaintiffs' contention that summary judgment is appropriate on the issue of establishing FLSA liability related to overtime pay for the Plaintiffs because the Defendants contend that, although Defendants admit that some recording errors or mathematical errors were made, those errors were de minimis and therefore do not constitute a violation of the FLSA.  The Defendants have submitted the Affidavit of Leonor Gonzalez in support of their opposition (DE # 38-1).  In the Affidavit, Defendant

3

Gonzalez states that she is the president of Family Boarding Home, Inc., an assisted living facility in Miami, Florida.  Defendant Gonzalez further states that the hours recorded on the Plaintiffs' time sheets are accurate and reflect the correct amount of overtime hours each Plaintiffs worked.   In addition, Defendant Gonzalez states that there were no recording or mathematical errors made as to Plaintiff Silvia Fernandez, and that the payroll calculation errors as to Plaintiff Fernandez totaled $76.26, and totaled $68.94 as to Plaintiff Aliet Pascual.

The Plaintiffs have not filed a Reply to the Motion.

### B.     The Defendants' Motion for Summary Judgment

In the Defendants' Motion for Summary Judgment, the Defendants seek summary judgment only as to Plaintiffs Aliet Pascual and Aide Tomasa Fernandez Perez contending that those two Plaintiffs are unable to prove their damages as required under the law.  Defendants assert that Plaintiffs Pascual and Fernandez, who worked as care givers for mentally ill patients, signed documents indicating that the time on their time sheets was correct every time they received their paycheck, and thus contend that the time records maintained by the Defendants are accurate.  In support of this contention, the Defendants have submitted the transcripts from Plaintiffs Pascual's and Fernandez's depositions which include the Defendants' "time sheets" for the Plaintiffs which were identified and marked at their depositions.[1]  In addition, in their Statement of Undisputed Material Facts submitted in support of their Motion for Summary Judgment, the Defendants cite to statements made by the Plaintiffs at the their depositions which

---

[1] The "time sheets" that the Defendants have submitted are not hourly time sheets maintained on a daily basis but are documents entitled "Bi-Weekly Hourly Record" which state the total regular hours and overtime hours worked for a two-week period. The documents are signed by the Plaintiffs and state "I do hereby certify that the above time sheet is correct." (DE ## 35-1, 35-2).

4

indicate that the Plaintiffs did not know how many days a week they worked, do not have any records regarding their work, are unable to testify whether the hours reflected on the Defendants' time sheets are accurate or how much they are owed. (DE # 35 at 2-3).

In response, the Plaintiffs contend that the Defendants failed to keep adequate time records reflecting the hours worked each day by the Plaintiffs as required by the FLSA. As such, the Plaintiffs contend that they may prove their case under a "relaxed" standard and may rely on estimates of the number of hours they worked. In addition, the Plaintiffs contend that the Plaintiffs in their depositions testified as to the number of hours that they each worked in a given week and that they were not paid overtime (DE # 39 at 4).

The Defendants have not filed a Reply to the Motion.

III.    **LAW & ANALYSIS**

   A.    **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, all reasonable doubts about the facts should be resolved in favor of the non-movant. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 (11th Cir. 1982) (citations omitted). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Id*. Thus, summary judgment may be

inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Profitel Group, LLC. V. Polyone Corp.*, 238 Fed. Appx. 444 (11th Cir. 2007) *citing Clemons*, 684 F.2d 1368. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Id.* However, the mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Id. citing Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir.1999) (quotation omitted)).

Where the moving party bears the burden of proof, it is incumbent upon the moving party to produce evidence to establish its claim. However, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, ... Rule 56(e) requires the nonmoving party to go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp., supra.*, 477 U.S. at 324. The moving party is required only to point to the absence of evidence in the record as to that issue.

      B.    <u>Plaintiffs' Motion for Summary Judgment</u>

          1.    <u>Enterprise Coverage to Establish FLSA Jurisdiction</u>

In this case, the Plaintiffs seek a summary judgment determination that the Defendants are subject to the requirements of the FLSA as an "enterprise" defined under the FLSA statute. The Defendants have conceded that Family Boarding meets the "enterprise" definition set forth in the FLSA statute and thus subject matter jurisdiction under the FLSA is established. Therefore, the Plaintiff is entitled to summary judgment on this issue.

### 2. Individual Liability of Defendant Leonor Gonzalez

The Plaintiffs also seek summary judgment on the issue of whether Defendant Leonor Gonzalez was the Plaintiffs' employer for FLSA purposes. In other words, the Plaintiffs seek a determination that if the Corporate Defendant, Family Boarding is found liable, that Leonor Gonzalez will, as the Plaintiffs' employer, also be liable in her individual capacity. Again, the Defendants have conceded that Defendant Leonor Gonzalez is the Plaintiffs' employer for purposes of individual liability pursuant to the FLSA. Therefore, the Plaintiffs are entitled to summary judgment on this issue as well.

### 3. Defendants' Liability for FLSA Overtime Violations

The Plaintiffs contend that there remains no genuine issue of material fact regarding whether the Defendants are liable to the Plaintiffs for violations of the FLSA overtime provisions. In support of this claim, the Plaintiffs point to the following excerpt from Defendant Leonor Gonzalez's deposition:

> Q: There is some admission that you provided some records that you went through the checks and these sheets, and you did find certain amounts that you do agree that were not paid in overtime for these plaintiffs; is that correct?
>
> A: That there was a discrepancy, yes.
>
> Q: But you believe they are not very large amounts?
>
> A: No.
>
> Q: Why was there a discrepancy?
>
> A: It was a recording error.
>
> Q: So the overtime that is owed to the plaintiffs was only due to a recording error?

        A:       Mathematical errors.

(DE # 33-1 at 1). For the following reasons, the Plaintiffs are unable to establish FLSA liability on the part of the Defendants based upon this testimony. First, in the Plaintiffs' Complaint and Statement of Claim, Plaintiff Pascual asserted that she worked for thirty-five hours of overtime per week for sixty weeks for which she was not compensated (DE ## 1 at 3, 5 at 1). Similarly, Plaintiff Fernandez contends in the Complaint and Statement of Claim that she worked thirty-five house of overtime per week for eighty-six weeks for which she was not compensated (DE ## 1 at 3-4, 5 at 1). Thus, the allegations advanced by the Plaintiffs in the Complaint and Statement of Claim are not supported by the excerpts from Defendant Gonzalez's deposition relied upon the Plaintiffs in their Summary Judgment Motion to establish liability under the FLSA. In fact, it is difficult to discern from the transcript the nature of the errors or discrepancies to which Ms. Gonzalez is testifying, and more significantly, it is not clear that Defendant Gonzalez is conceding that Family Boarding violated the FLSA overtime provisions.

      Indeed, if this Court were to determine that FLSA liability was established based solely upon this brief testimony, that liability arguably would be limited only to those instances where Ms. Gonzalez made a mathematical error on computing the overtime for the Plaintiffs based upon the time sheets. This determination would not resolve the central issue in this case of whether the Plaintiffs "worked an average of 75 hours a week and were not paid any overtime wages for their work" as stated in the Plaintiffs' Statement of the Case contained in the Joint Pretrial Stipulation which was recently filed by the Parties (DE # 40 at 1). As such, despite the Plaintiffs' suggestion otherwise, a finding of summary judgment regarding the fact that the Defendants may have made mathematical errors on some pay checks would not "narrow" the factual issues in any

meaningful way.  Accord *Rossi v. Assoc. Limousine Serv. Inc.*, 438 F. Supp. 2d 1354, 1365 (S. D. Fla. 2006) (denying plaintiff's motion for summary judgment by stating "Based on the minimal amount of evidence presented, the Court finds material facts in dispute concerning whether plaintiff performed work for which he was improperly compensated. While defendants acknowledge that plaintiff was not paid time and one-half, they do not admit that he was improperly compensated under the FLSA. The precise number of hours plaintiff worked are clearly in dispute and remain unresolved by the small amount of record evidence. These factual disputes which are material to the outcome of this case cannot be resolved at this stage of the litigation based on the slim evidence before this Court. While the amount of work performed by plaintiff may be determinable by just and reasonable inference, the Court finds any such inference to be premature at this time.").

In addition, the Defendants have responded to the Plaintiffs' request for a summary judgment finding of liability by asserting that any such amounts were "de minimis" and therefore do not constitute a violation of the FLSA.  The Plaintiffs have failed to reply to the Defendants' response on this point.

Therefore, based upon a review of the record, the undersigned concludes that genuine issues of material fact remain regarding whether the Defendants violated the FLSA by failing to pay the Plaintiffs for overtime hours worked.  Accordingly, Plaintiffs' Summary Judgment Motion on this issue must be denied.

      C.    <u>Defendants' Motion for Summary Judgment</u>

As stated above, the Defendants have asserted that summary judgment is appropriate as to Plaintiff Pascual and Fernandez because those Plaintiffs are unable to

sufficiently prove their damages in this action.[2]  The Plaintiffs have countered that the Plaintiffs burden in this regard is "relaxed" because the Defendants' time records are inadequate in this case.  The Defendants have not filed a reply to the Plaintiffs' response in opposition to the Motion, and thus have not disputed that the Defendants failed to maintain adequate time records, and have not disputed that as a result, the Plaintiffs may rely on their own estimates of overtime owed to prove their case.

As stated above, the "time sheets" that the Defendants have submitted are not hourly time sheets maintained on a daily basis but are documents entitled "Bi-Weekly Hourly Record" which state the total regular and overtime hours worked for a two-week period.  The documents are signed by Plaintiffs Haydee Fernandez and Arliet Pascual and state "I do hereby certify that the above time sheet is correct." (DE ## 35-1, 35-2).[3]  Thus, the Defendants have not submitted any time sheets reflecting the number of hours worked daily by the Plaintiffs.

In *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1323 (11th Cir. 2007), the Eleventh Circuit reviewed a trial court's entry of summary judgment on behalf of a defendant employer based, in part, upon each of the employees' purported failure to state with any clarity the hours he or she allegedly worked overtime. The reviewing Court, in reversing that portion of the trial court's summary judgment determination, stated the following:

> Although a FLSA plaintiff bears the burden of proving that he

---

[2]  The Defendants did not seek summary judgment as to Plaintiff Silvia Fernandez who joined the lawsuit on July 7, 2011 (DE ## 19, 20).

[3] In Ms. Fernandez's deposition, she acknowledged that her name was incorrectly spelled as "Haydee" on some of the records at issue in this case (DE # 35-4 at 3).  In Leonor Gonzalez's deposition, she testified that the time sheet with the name "Arliet Pascual" was the time sheet used for the Plaintiff "Aliet" Pascual. (DE # 33-1 at 13).

> or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment. *Id*. The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves." *Id.*

*Id.* at 1315. The Court then, in citing to *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), continued with,

> Thus, in situations where the employer's records cannot be trusted and the employee lacks documentation, the Supreme Court held "that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id*. The burden then becomes the employer's, and it must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. at 687-88, 66 S.Ct. 1187. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id*. at 688, 66 S.Ct. 1187.

*Allen*, 495 F.3d at 1316. The Court concluded that the plaintiffs' inability to state with precision the number of uncompensated hours they worked and the days on which that work was performed did not entitle the employer to summary judgment. *Id*. at 1317-18. Rather, the Court opined that the plaintiffs might be able to demonstrate the amount and extent of their unpaid overtime as a "matter of just and reasonable inference" at trial based upon the facts in that case. *Id.* at 1317. *Accord Ebersole v. American Bancard, LLC*., 2009 WL 2524618 (S.D. Fla. 2009)(citing to *Allen* and denying employer defendant's motion for summary judgment based upon plaintiff's failure to independently substantiate hours worked in excess of forty hours per week); *Diaz v. Jaguar Restaurant*

11

*Group, LLC*, 649 F. Supp 2d 1343 (S.D. Fla. 2009)(denying defendant employer's motion for summary judgment based upon plaintiff's failure to produce evidence indicating the number of overtime hours she allegedly worked).

      In this case, while Plaintiffs Pascual and Fernandez were unable to testify to the exact number of hours they worked each week, both Plaintiffs have testified to the number of hours they generally worked each week and the number of overtime hours for those weeks. Specifically, at her deposition, Ms. Pascual testified that the first three months that she worked at Family Boarding Home she would work 72 hours straight from Friday at 7:00 a.m. until Monday at 7:00 a.m. (DE # 35-3 at 4-5). In addition, Ms. Pascual testified that she regularly worked twelve hour shifts between five to seven days a week (DE # 35-3 at 8). Similarly, Ms. Fernandez testified in her deposition that her schedule was frequently from 7:00 a.m. to 7:00 p.m., six days a week (DE # 35-4 at 6). Thus, although Plaintiffs Pascual and Fernandez are unable to state with precision the number of uncompensated hours they worked and the days those hours were worked, pursuant to *Allen*, they are entitled to demonstrate at trial the amount and extent of the unpaid overtime as a "matter of just and reasonable inference." Thus, the Plaintiffs have met their burden of estimating their FLSA damages for purposes of summary judgment. In addition, because the Defendants' "time sheets" are inconsistent with the number of hours that the Plaintiffs contend that they worked, there are genuine issues of material facts that remain as to the number of overtime hours each Plaintiff worked for which they were not compensated, and thus summary judgment on this issue is not appropriate.

      Finally, the Defendants' reliance on *Weinberg v. Whatcom County*, 241 F. 3d 746 (9th Cir. 2001), to support their contention that the Plaintiffs' damages estimates are

insufficient, is misplaced. The *Weinberg* case involved constitutional claims raised pursuant to 42 U.S.C. § 1983 not the FLSA. As such, there was no discussion in that case about a plaintiff's burden in producing evidence regarding overtime hours worked or the requirement that a defendant maintain adequate time records for work performed by employees. Thus, *Weinberg* has no relevance to the issue before this Court.

As to the Defendants' contention that the Plaintiffs signed documents confirming that the hours they were paid for were correct, in her deposition, Aliet Pascual denied knowing what she was signing because she cannot read English (DE # 35-3 at 9). In addition, Ms. Pascual testified that when she signed the documents to receive her check, the documents were covered with another piece of paper. *Id.* Similarly, Plaintiff Fernandez testified at her deposition that she did not understand what was written on the sheets that she signed (DE # 35-4 at 8). Thus, there still remain issues of fact regarding whether the time sheets accurately reflected the number of hours that each Plaintiff worked during a given pay period.

Therefore, because there remain genuine issues of material fact regarding whether the Defendants failed to adequately compensate Plaintiffs Pascual and Fernandez for the overtime hours that they worked, the Defendants' Motion for Summary Judgment must be denied.

IV.   **CONCLUSION**

For the above reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment (DE # 32) is **GRANTED**, in part, and **DENIED**, in part. Summary Judgment in the Plaintiffs' favor is **GRANTED** on the issues of: 1) jurisdiction under the FLSA being established in this matter because Defendant Family Boarding is subject to enterprise

coverage under the FLSA; and, 2) Individual Defendant Leonor Gonzalez being the Plaintiffs' employer for purposes of FLSA liability.  The Plaintiffs' Motion for Summary Judgment seeking a determination that the Defendants are liable under the  FLSA for failing to compensate the Plaintiffs for all of the overtime hours they worked is **DENIED.**

 It is further

**ORDERED AND ADJUDGED** that Defendants' Motion for Partial Summary Judgment (DE # 34) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on July 19, 2012.

_____
  ANDREA M. SIMONTON
  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record via CM/ECF